NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13458

COMMONWEALTH  vs.  JOHN T. CAPPELLUCCI, JR.


April 1, 2024.


Motor Vehicle, Operating under the influence.  Evidence, Blood alcohol test.  Practice, Criminal, Motion to suppress. Consent.


The defendant, John T. Cappellucci, Jr., was charged with operating a motor vehicle while under the influence of both alcohol and drugs causing serious bodily injury (OUI-SBI) pursuant to G. L. c. 90, § 24L.  A judge allowed the defendant's motion to suppress the analysis of his blood samples based on G. L. c. 90, § 24 (1) (e) (§ 24 [1] [e]), which conditions the admissibility of a defendant's blood alcohol content (BAC) in a prosecution for a violation of G. L. c. 90, § 24 (1) (a) (i.e., "simple OUI") on the defendant's consent to conduct the analysis.  The Commonwealth appealed, arguing that the defendant's blood test results are admissible because the consent requirement of § 24 (1) (e) applies only to the prosecution of simple OUI.  We agree with the Commonwealth and therefore reverse.

1.  Facts and prior proceedings.  We summarize the undisputed facts from the pleadings.  On December 9, 2021, the defendant was involved in a head-on automobile accident in Wayland.  The driver of the other car told officers that the defendant had veered onto her side of the road causing the collision.  The officers noted that the defendant's eyes appeared bloodshot and glassy and that he smelled of alcohol.  The defendant was arrested on the scene, and both he and the other driver were transported to the hospital.

Although the defendant refused to consent to a test of his BAC, law enforcement officers applied for and obtained a search warrant for blood samples that had been taken in the ordinary course of treatment. The State police crime laboratory later determined that the defendant's BAC was .09 percent[1] and that his blood tested positive for both fentanyl and tetrahydrocannabinol (THC).

The defendant was charged with, among other offenses, two counts of OUI-SBI, the first under a theory of intoxication by alcohol, and the second under a theory of intoxication by drugs. See G. L. c. 90, § 24L (2).[2] The defendant successfully moved to suppress the results of tests performed "at the direction of police" on blood samples drawn at the hospital, arguing that he did not consent to the analysis. See G. L. c. 90, § 24 (1) (e). The Commonwealth appealed to a single justice of this court, who allowed the Commonwealth's application for interlocutory appeal to proceed in this court.

2. Discussion. This case is governed in all material respects by our decision today in a companion case, Commonwealth v. Zucchino, 493 Mass.    (2024), where we concluded that the clear and unambiguous consent requirement in § 24 (1) (e) applies only to prosecutions for violations of simple OUI.[3] Here, because the defendant has not been charged with a violation of § 24 (1) (a), the consent provision of § 24 (1) (e) does not come into play. The defendant's BAC test result thus is admissible subject to the ordinary rules of evidence.

---

[1] A blood alcohol content of .08 percent or above is over the legal limit. See G. L. c. 90, § 24L (2).

[2] General Laws c. 90, § 24L (2), states in pertinent part:

"Whoever . . . operates a motor vehicle with a percentage, by weight, of alcohol in their blood of eight one-hundredths or greater, or while under the influence of intoxicating liquor, or of marihuana, narcotic drugs, depressants or stimulant substances, all as defined in [G. L. c. 94C, § 1], . . . and by any such operation causes serious bodily injury, shall be punished . . . ."

[3] Because we conclude that the consent requirement of § 24 (1) (e) is not applicable to the offenses with which the defendant has been charged, we need not address the defendant's secondary argument that the provision also requires a defendant's consent to test for substances other than alcohol.

We reverse the grant of the motion to suppress and remand for further proceedings consistent with this opinion.

<u>So ordered</u>.


<u>Melissa W. Johnsen</u>, Assistant District Attorney (<u>Daniel Bolcun</u>, Assistant District Attorney, also present) for the Commonwealth.

<u>Mark W. Helwig</u> for the defendant.